IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA K. MONTOYA,<br><br>    Petitioner,<br><br>  vs.<br><br>SCHELIA A. CLARK, Acting Warden,<br><br>    Respondent. | No. C 07-04190 TEH (PR)<br><br>ORDER DIRECTING PETITIONER TO FILE A NOTICE OF INTENT TO PROSECUTE AND TO PROVIDE COURT WITH CURRENT ADDRESS |

    Petitioner, a federal inmate, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2251, challenging the execution of her sentence. According to the petition, the end date of her sentence is March 4, 2008. The date has passed, and it possible that petitioner is no longer in custody. Furthermore, Petitioner has not communicated with the Court since filing the petition on August 15, 2007. Because of the length of time since Petitioner's last communication with the Court, it is unclear whether she intends to continue to pursue the claims set forth in her habeas petition at this time.

    Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. See id. The court should afford the litigant prior notice of its intention to dismiss. See Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987). Furthermore, pursuant to

Northern District Local Rule 3-11, a party proceeding <u>pro</u> <u>se</u> whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. <u>See</u> L.R. 3-11(a).

    Accordingly, it is in the interests of justice and judicial efficiency for the Court to establish whether Petitioner intends to continue to prosecute this action. <u>See</u> <u>Martinez v. Johnson</u>, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner shall file a notice of her current address and her continued intent to prosecute no later than **twenty (20) days** of the date of this Order. Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. <u>See</u> <u>Malone</u>, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

IT IS SO ORDERED.

DATED:   March 20, 2008

THELTON E. HENDERSON
United States District Judge

2